IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00927-WYD-MJW

UNITED STATES OF AMERICA,
ex rel. RONALD C. PHILLIPS

    Plaintiff(s),

v.

FRONT RANGE HOME IMPROVEMENTS, LTD., a Colorado corporation;
FRONT RANGE CONSTRUCTION & RESTORATION, INC., a Wyoming corporation;
PHILLIP LOW;
GEORGE J. VAN TRUMP;
TOLTEST, INC., an Ohio corporation; and
ABBA BONDING,

    Defendant(s).

# ORDER

## I.   INTRODUCTION

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Claim for Wrongful Discharge Pursuant to Fed. R. Civ. P. 12(b)(6) (docket #34), filed October 31, 2007. For the reasons stated below, Defendants' motion to dismiss is denied.

## II.   BACKGROUND

Plaintiff Ronald Phillips brings this *qui tam* action pursuant to the provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, to recover monies which he alleges the United States overpaid to one or more of the Defendants. Plaintiff also asserts the following causes of action: (1) whistleblower liability; (2) common law

breach of contract; (3) wrongful discharge in violation of public policy; (4) promissory estoppel; and (5) tortious interference with contractual relation. The motion at issue only seeks to dismiss the Plaintiff's claim for wrongful discharge in violation of public policy. Plaintiff filed a response to Defendants' motion to dismiss, and the Defendants filed a reply brief in support of their motion to dismiss.

By way of background, this matter concerns the residential renovation construction project at the F.E. Warren Air Force Base in Cheyenne, Wyoming that occurred from 2005 to 2007. Plaintiff alleges that in June 2005, the United States Air Force notified certain bidders that it was soliciting bids for lead base paint abatement work to be performed on the residential housing unit located at the Warren Air Force Base. (Am. Compl. ¶ 18.) The Plaintiff alleges that he submitted a bid to the United States Air Force in July 2005. (Am. Compl. ¶ 19.) While the Plaintiff did not submit the winning bid, he was given the opportunity to place a bid for sub-contract work with the winning contractor, Defendant Toltest. (Am. Compl. ¶¶ 21-23.) Plaintiff alleges that he completed the bidding process on behalf of an entity named FRHI. FRHI won the sub-contractor bid to abate the lead base paint at the Warren Air Force Base. (Am. Compl. ¶¶ 24-25.) Plaintiff alleges that pursuant to the bid arrangement, FRCI was incorporated into a new Wyoming Corporation named FRCR. (Am. Compl. ¶ 23.) The Plaintiff further alleges that he became an employee of FRCR and assumed the responsibility of project manager for the project. (Am. Compl. ¶ 29.)

In late September 2005, FRCR began its work on the project. (Am. Compl. ¶ 32.) In late October 2005, FRCR submitted certain billings to the contractor for

expenses. Plaintiff alleges that he was responsible for these billings and submitted them under the direction of Defendant Van Trump. (Am. Compl. ¶¶ 35-46.) Plaintiff alleges that he then became aware that several billings were likely improper. Specifically, Plaintiff alleges that he challenged FRCR's billing of $120,000 in start-up costs as fraudulent and improper. (Am. Compl. ¶¶ 38-49.) Additionally, Plaintiff alleges that he challenged FRCR's billing to the United States of $360,000 for a performance bond premium that had not been fully paid. (Am. Compl. ¶¶ 34-46.)

Plaintiff alleges that he confronted Defendant Van Trump about his suspicions concerning the fraudulent billings. (Am. Compl. ¶ 45-46.) Plaintiff alleges that he advised Defendant Van Trump that the billings were unlawful. Plaintiff requested permission to correct the billings, and if he was not permitted to correct the billings, he would contact the United States Air Force to report the fraudulent activity. (Am. Compl. ¶¶ 45-46.) Plaintiff finally alleges that he was immediately fired by Defendant Van Trump. (Am. Compl. ¶¶ 47-49.)

III. <u>STANDARD OF REVIEW</u>

In ruling on a Motion to Dismiss pursuant to 12(b)(6), the standard used to be that the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Thus, until recently, a dismissal was only warranted where "it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *The Ridge at Red Hawk, L.L.C. v. Schneider*, 2007 WL 1969681 at *3 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"However, the Supreme Court recently decided that 'this observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)). "The Court explained that a plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id*.

IV. ANALYSIS

    A. Plaintiff's Claim for Wrongful Discharge in Violation of Public Policy

Plaintiff's fifth claim for relief alleges a wrongful discharge in violation of public policy. The Defendants have moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the Plaintiff failed to state a claim upon which relief can be granted. Specifically, the Defendants argue that the Plaintiff failed to assert all of the necessary allegations for the claim of wrongful discharge.

The Colorado Supreme Court has held that "[u]nder common law, either an employer or an employee can terminate an at-will employment relationship without incurring legal liability for this termination." *Coors Brewing Co. v. Floyd,* 978 P.2d 663,

666 (Colo. 1999). However, the State of Colorado recognizes a cause of action for wrongful discharge in violation of public policy as an exception to the general rule of at-will employment. *Martin Marietta Corp. v. Lorenzi,* 823 P.2d 100, 108 (Colo. 1992). In *Coors Brewing*, the Colorado Supreme Court explained

> that a claim for wrongful discharge under the public policy exception must contain the following elements: (1) the employer directed the employee to perform an illegal act as part of the employee's work related duties; (2) the action directed by the employer would violate a statute or clearly expressed public policy; (3) the employee was terminated as a result of refusing to perform the illegal act; and (4) the employer was aware or should have been aware that the employee's refusal was based upon the employee's reasonable belief that the act was illegal.

*Coors Brewing Co.*, 978 P.2d at 667.

Turning to the case at hand, the Defendants argue that this claim should be dismissed because the Plaintiff failed to allege that he was terminated as a result of refusing to perform an illegal act. The Defendants assert that the Plaintiff alleged that he told Defendant Van Trump that he did not wish to be part of any false or fraudulent billing and that if he were not permitted to correct the billings, he would report the unlawful activity to the United States Air Force. (Def.s' Mot. at 5.) Defendants finally argue that the Plaintiff alleged that his termination was based on his opposition to both the Defendant's unlawful billing practices and improper actions. I reject this argument.

After reviewing the allegations set forth in the Amended Complaint, I find that Defendants' motion to dismiss the wrongful discharge claim should be denied. In his Amended Complaint, Plaintiff alleges that he was the project manager of the lead base paint abatement project, in which he assumed the daily responsibilities of the design and building of the infrastructure at the Cheyenne, Wyoming Air Force Base. Plaintiff's

duties included hiring employees and submitting billing statements.  While Plaintiff alleges that the billing amounts "seemed unusual", he was instructed by Defendant Van Trump to bill the contractor for $120,000.00 in start-up expenses and $360,000.00 for a performance bond premium.  (Am. Compl. ¶¶ 37-39.)  Plaintiff further alleges that relying on Defendant Van Trump's directives and representations, he submitted the billings to the contractor in the amounts of $120,000.00 and $360,000.00.  Plaintiff alleges that after he submitted these billings at the direction of Defendant Van Trump, he became concerned about potential fraud.  Plaintiff further alleges that he told Defendant Van Trump that he did not wish to be involved in fraudulent billing and requested to correct the billings.  (Am. Compl. ¶¶ 17, 33-34.)

Based on both the allegations and the law set forth above, I find that Plaintiff's Amended Complaint contains enough facts to state a claim for relief for wrongful discharge in violation of public policy that is plausible on its face.  The allegations of the Plaintiff's submissions of the fraudulent billings at the direction of Defendant Van Trump plausibly assert an illegal act.  Further, once the Plaintiff learned that the billings were likely unlawful, he demanded that he be allowed to correct them, or he would report the fraud to the United States Air Force.  He was then fired.  These facts, if accepted as true, plausibly state that the Plaintiff was fired as a result of his refusal to acquiesce to the Defendants' alleged unlawful practice of fraudulent billing.  Therefore, I find that Plaintiff's allegations sufficiently state a plausible claim for wrongful discharge in violation of public policy.  Thus, Defendants' motion to dismiss this claim is denied.

V.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's Claim for Wrongful Discharge Pursuant to Fed. R. Civ. P. 12(b)(6) (docket #34), filed October 31, 2007, is **DENIED**, each party to bear its own costs and attorneys' fees in connection with this motion.

Dated:  April 21, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge