IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00927-WYD-MJW

UNITED STATES OF AMERICA,
ex rel. RONALD C. PHILLIPS,

Plaintiff(s),

v.

FRONT RANGE HOME IMPROVEMENTS, LTD, et al.,

Defendant(s).

---

**ORDER REGARDING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING THE
DISSEMINATION OF DOCUMENTS AND INFORMATION
(DOCKET NO. 60)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion for Protective Order Regarding the Dissemination of Documents and Information (docket no. 60). The court has reviewed the motion and the response (docket no. 67 ) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

  1.  That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Relator Ronald C. Phillips requested that his Request for Production ("RFP") No. 6 be supplemented by Defendants;

5. That Defendants have agreed to produce documents responsive to RFP No. 6, but Defendants have learned that Realtor Phillips, and possibly his agents, have attempted to use such information, obtained in this litigation, to interfere with the resolution and settlement in a different lawsuit in the Wyoming state court captioned <u>Gonzales Custom Painting, Inc. et al. v. Toltest, Inc. et al.</u>, doc. 169, No. 825 ("the Gonzales Litigation").  In the Wyoming case, Defendant Front Range Home Improvements, Ltd. ("FRHI") has negotiated a dismissal from the Gonzales Litigation without prejudice.  That FRHI could still be brought back into the Gonzales Litigation, and Relator Phillips' use of the documents responsive to Relator Phillips' RFP No. 6 may have a harmful affect on FRHI's resolution of the Gonzales Litigation;

6. That Wayne Gonzales worked on the F.E. Warren Air Force Base in Cheyenne, Wyoming, Project which is the subject matter of this litigation and may be a factual witness in this case;

7. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance,

embarrassment, oppression, or undue burden or expense. It is the Defendants' burden to establish sufficient "good cause." <u>Nestle Foods Corp. v. Aetna Cas. & Surety Co.</u>, 129 F.R.D. 483, 484 (D.N.J. 1990); <u>United States v. Hooker Chems. & Plastics Corp.</u>, 90 F.R.D. 421, 425 (W.D.N.Y 1981);

8. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role. <u>See</u> <u>American Family Mut. Ins. Co. v. Minor</u>, 2007 WL 4365694, * 1 (D. Colo. Dec. 10, 2007). Last, the decision to issue a protective order rests within the sound discretion of the trial court. <u>Wang v. Hsu</u>, 919 F.2d 130 (10th Cir. 1990);

9. That discovery in this case should be limited to this litigation only and for no other purpose; and,

10. That "good cause" has been shown by Defendants, and in the court's discretion, a protective order should issue.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion for Protective Order Regarding the Dissemination of Documents and Information (docket no. 60) is **GRANTED**;

2. That the written Protective Order is **APPROVED as amended** and

made an Order of Court. See written Protective Order for amendments;

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 18th day of June 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE